**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy L. Jamieson,<br><br>             Plaintiff,<br><br>vs.<br><br>Lawrence B. Slater, et al.,<br><br>             Defendants. | No. CV 06-1524-PHX-SMM<br>    CV 06-2261-PHX-SMM<br><br>**ORDER ON MOTION TO DISMISS** |

Pending before the Court is Plaintiff Kathy Jamieson's ("Jamieson") Motion to Dismiss (Doc. 5) Monica Jagelski's Complaint (06-2261) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.  Jamieson

## **BACKGROUND**[1]

On June 13, 2006, Jamieson filed a Complaint against Lawrence B. Slater ("Slater") Marchant, and Jagelski alleging three claims: (i) Violation of A.R.S. § 33-420(A), (ii) Tortious Interference with Business and Contractual Relations; and (iii) Abuse of Process.

---

[1] In a Motion to Dismiss, the court must presume all factual allegations of the Complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556,561(9th Cir.1987).

1  (Dkt. 1.) On September 25, 2006, Jamieson filed an Amended Complaint adding Slater's law
2  firm, Lawrence Slater & Associates, P.C. (collectively with Slater, "Slater"), as a named
3  defendant. (Dkt. 12.) Jamieson alleges that her claims arise out of "Defendants' malicious
4  conspiracy to unlawfully acquire [her] real property." (Dkt. 7 at 2.) She further alleges that,
5  to accomplish this purpose, Marchant and Jagelski each hired Slater to represent them in
6  filing "separate, groundless claims against [her] and to prepare and record separate,
7  groundless *lis pendens* on [her three parcels of] real property." (Id.)

8  In the summer of 1996, Jamieson and Marchant began a romantic relationship, despite
9  Marchant still being married to Jagelski. (Id.) In December of 1996, Marchant moved in
10 with Jamieson. In January of 1998, Jamieson purchased a parcel of real property ("Sangria
11 Property") and in February of 1998, she purchased another parcel of land ("Ellsworth
12 Property")[2]. Both properties are titled in Jamieson's name alone. At the time Jamieson
13 purchased the properties, Jagelski was married to Marchant; however, Marchant was living
14 with Jamieson. Jagelski's and Marchant's petition for dissolution of marriage was filed in
15 August 1997, and their divorce decree was granted in June 1998. (Id.) Thereafter, on May
16 5, 2001, Jamieson and Marchant were married. (Id. at 3.) Jamieson asserts that she never
17 "gifted, transferred or conveyed any interest in [the Properties] to Marchant before, during,
18 or after their marriage." (Id. at 3.)

19 **Divorce of Jamieson and Marchant**

20 On May 27, 2003, Jamieson petitioned for legal separation from Marchant. Marchant
21 was represented by Slater, and responded by filing *lis pendens* on the Properties (the "First
22 *lis pendens"*) and a request for marital dissolution (the "Dissolution Action"). (Id.)
23 Jamieson alleges that, as a result of the First lis pendens, she was not able to sell the
24 Properties, despite offers to purchase she received from buyers. (Id.) Consequently,

---

27  [2]Collectively referred to as the "Properties".

1  Jamieson demanded that the First *lis pendens* be released, but Marchant failed to comply
2  (Id.)

3        In the dissolution action between Jamieson and Marchant, Jamieson filed a motion
4  for summary judgment regarding her right to sole ownership of the Properties. On February
5  8, 2006, the dissolution court reaffirmed an earlier order granting Plaintiff's motion for
6  summary judgment and awarded the Properties to her alone. The dissolution court rejected
7  Marchant's assertion that an oral promise could serve as the basis for a claim to real property,
8  holding instead that Marchant failed to satisfy the Statute of Frauds, A.R.S. § 33-401(B).
9  (Dkt. 7, Ex.1 at 3.)  Although the dissolution court expressly took no position on whether
10 Marchant possessed a civil claim against Jamieson, it ordered him to "immediately take all
11 steps necessary to effectively remove the *lis pendens* filings currently of record." (Id. at 4.)

12       On the same day, Marchant, represented by Slater, filed a quiet title lawsuit against
13 Jamieson in Pinal County and recorded a second *lis pendens* on the Properties (the "Second
14 *lis pendens*"). (Dkt. 7, Exs. 2-3.)  Marchant also filed a motion for new trial on the
15 dissolution court's summary judgment ruling, which was denied on April 21, 2006.
16 Following the denial of his motion for new trial, Marchant removed only the First *lis*
17 *pendens*. (Id. at 4.)

18       On April 25, 2006, during trial proceedings in the dissolution action, the court learned
19 about the Second *lis pendens* and ordered Marchant to release it under threat of being held
20 in contempt. (Dkt. 7, Ex. 4.) The court specifically informed both Marchant and Slater that
21 Marchant was not entitled to an ownership interest in the Properties and ordered Marchant
22 to produce proof that the Second *lis pendens* had been removed by April 27, 2006. (Id. at
23 43-45.) The dissolution court further ordered Slater and Marchant not to file or otherwise
24 record any additional *lis pendens* on the Properties. (Id. at 44-45.)

25       On April 27, 2006, Marchant produced a document to the dissolution court that
26 purported to show that he had released the Second *lis pendens* from the Properties. (Dkt. 7
27 at 5.)  Instead of filing the release with the Pinal County Recorder's Office, however,

28

- 3 -

1  Marchant erroneously filed the release with the Clerk of the Pinal County Superior Court.
2  (Id.)  Plaintiff alleges that Slater knew or should have known that the release Marchant filed
3  did not actually release the Second *lis pendens*, which remained a cloud on the Properties'
4  titles, and knew that the Court believed otherwise.  (Id.)

5  On May 9, 2006, Jamieson's attorney advised Slater of the misfiling, and demanded
6  that it be corrected.  Neither Slater nor Marchant responded.  (Id.)  Plaintiff then filed an
7  Application for Order to Show Cause why Marchant should not be held in contempt for
8  failing to remove the Second *lis pendens*.  On May 23, 2006, two days before the dissolution
9  court's hearing on the Order to Show Cause, Marchant released the Second *lis pendens*.  (Id.)

10  Jamieson later discovered that, on May 19, 2006, four days before Marchant released
11  the Second *lis pendens*, Jagelski, represented by Slater, filed a quiet title lawsuit against
12  Plaintiff in Pinal County and filed a *lis pendens* on the Properties (the "Third *lis pendens*").
13  (Dkt. 7, Exs. 5-6.)  Jagelski's complaint alleged that she acquired a community property
14  interest in the Properties through the ownership interest Marchant acquired from Plaintiff
15  during the time he was married to Jagelski.  (Dkt. 7, Ex. 5.)

16  Although a final divorce decree had been issued in the dissolution action between
17  Jamieson and Marchant, Marchant appealed the dissolution court's decision awarding the
18  Properties to Jamieson.  (Id. at note 3.)

19  **Disqualification of Slater and Consolidation**

20  Jamieson filed a Motion to Disqualify Slater as Counsel contending that Slater's status
21  as co-defendant, counsel, and necessary witness in the present case involved concurrent
22  conflicts of interest that violate Ethical Rules 1.7 and 3.7 of the Arizona Rules of
23  Professional Conduct, thereby requiring his disqualification as counsel for co-defendants
24  Marchant and Jagelski.  Slater filed an answer on behalf of himself, Marchant, and Jagelski.
25  (Dkt. 5.) On November 28, 2006, the Court granted the motion. Thereafter, Jamieson moved
26  to consolidate the action she filed against Defendants (06-1524) with the action filed by
27  Jagelski against her (06-2261).  The motion was granted by the Court after none of the
28

- 4 -

1  Defendants responded to the motion. On December 29, 2006, Jamieson filed a Motion to
2  Quash the lis pendens filed by Jagelski. On March 20, 2007, this Court denied the Motion
3  on the grounds that given the detailed circumstances of the case, the decision entailed a more
4  extensive analysis of the evidence and was therefore better suited for summary judgment.

**Jagelski and the Properties**

Jagelski knew that the Properties were being purchased, and she asserts that she "permitted" Marchant to pursue an interest in the properties for the benefit of the children. The Properties were not listed in the Property Settlement Agreement for Jagelski and Marchant's Dissolution Decree. Further, Marchant is not an owner of record for the Properties. Marchant has never given any money to Jagelski for her alleged interest in the Properties and Jagelski has previously never attempted to obtain money from Marchant for any alleged interest in the Properties.

**Jagelski's Claims Against Jamieson**

On May 19, 2006, Jagelski filed suit against Jamieson in Superior Court. On September 7, 2006, Jagelski amended her complain prior to service of process on Jamieson. In the Complaint, Jagelski seeks quiet title or alternatively, partition of the Properties purchased by Jamieson while Marchant was living with Jamieson and married to Jagelski based on (1) fraudulent inducement, (2) misrepresentation, (3) constructive trust, (4) implied contract, and (5) unjust enrichment. (*See* Amended Complaint, ¶ IV.) Jagelski claims that Marchant contributed money toward the purchase of the properties and that those sums were community property in which Jagelski had an interest. (Id. at ¶¶ VI, VIII.) The Properties have always been titled in Jamieson's name alone. (Id. at ¶¶ VII.) On September 25, 2006, Jamieson filed the pending Motion to Dismiss. The motion is fully briefed and now ripe for disposition.

**STANDARD OF REVIEW**

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint may not be dismissed

for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *See Neitzke*, 490 U.S. at 327. Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988).

On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher*, 828 F.2d at 561. A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The Court declines to consider any materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

## DISCUSSION

**I.     Rule 9(b) Compliance as to Jagelski's Fraud Claims.**

Jamieson alleges that Jagelski's Complaint fails to plead with particularity the necessary details for claims of "fraud and misrepresentation" as required by Fed.R.Civ.P. 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must

1  be stated with particularity is a federally imposed rule." *Hayduk v. Lanna,* 775 F.2d 441, 443
2  (1st Cir.1985) (emphasis in original).

3        Jamieson contends that Jagelski has failed to allege facts with particularity that
4  support her claims of fraudulent inducement or misrepresentation against Jamieson. In her
5  Complaint, Plaintiff does not allege that Jamieson made any statements *to her* regarding the
6  properties. Any alleged communications were made to Marchant, not Jagelski. Further,
7  Jagelski fails to allege that she relied on any statements made by Jamieson. A showing of
8  fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's
9  knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon
10 by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its
11 falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) the hearer's
12 consequent and proximate injury. *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631
13 (Ariz. 1982); *Nielson v. Flashberg*, 419 P.2d 514 (Ariz.1966). In fact, all of the allegations
14 in the Complaint regarding communications about the properties pertained to alleged
15 conversations between Jamieson and Marchant. There were no facts alleged by Jagelski that
16 pertained to any representations made by Jamieson to Jagelski, whether false or not.
17 Therefore, Jagelski has failed to state a claim that Jamieson made fraudulent
18 misrepresentations to her that resulted in damages.[3]

19       Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific
20 enough to give defendants notice of the particular misconduct so that they can defend against
21 the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*,
22 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th
23 Cir.1993)). Averments of fraud must be accompanied by "the who, what, when, where, and

---

[3] Moreover, as to fraudulent misrepresentation, Jagelski has failed to allege any facts that support a claim that Jamieson made any material misrepresentations which in turn induced Jagelski to manifest her assent to enter into any agreement or make any specific decision. REST 2d CONTR § 167.

- 7 -

1  how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137
2  F.3d 616, 627 (9th Cir.1997)). A motion to dismiss a complaint or claim "grounded in fraud"
3  under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion
4  to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.* at 1107. As with Rule 12(b)(6)
5  dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without
6  prejudice. *Id.* at 1108. Here, Jagelski was unable to allege facts with sufficient particularity
7  to put Jamieson on notice of any alleged fraudulent conduct. Therefore, Defendant's Motion
8  to Dismiss Plaintiff's claims of fraudulent inducement and misrepresentation is hereby
9  **GRANTED** for failure to comply with Fed.R.Civ.P. 9(b).

10 **II.     Rule 8(a) Compliance as to Jagelski's Non-Fraud Claims**

11         **A.     Breach of Contract and Unjust Enrichment**

12         In her motion, Jamieson contends that Jagelski failed to set forth a short statement
13 establishing that she is entitled to relief for breach of contract or unjust enrichment, thereby
14 failing to comply with Federal Rule of Civil Procedure 8(a)(2).

15         Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading which
16 sets forth a claim for relief shall contain "a short and plain statement of the claim showing
17 that the pleader is entitled to relief." Complaints that are confusing and conclusory are not
18 in compliance with Rule 8. *See Hatch v. reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985). In
19 general, Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims
20 against them." *McKeever v. Block*, 932 F.2d 795 (9th Cir. 1991). Dismissal is proper where
21 there is no cognizable theory or an absence or sufficient facts alleged to support a cognizable
22 theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988).

23         In the matter presently before the Court, Jagelski's Amended Complaint fails to allege
24 sufficient facts to support a cognizable legal theory for a claim against Jamieson for breach
25 of an implied contract or unjust enrichment. Jagelski merely states that she is "entitled to
26 claim interest in these properties...based on ...implied contract, and unjust enrichment." She
27 does not set forth facts to support the execution of a contract or facts to support the existence

28

of an implied contract. Nor does she establish facts supporting a claim for unjust enrichment. Consequently, the Motion to Dismiss Jagelski's claims of breach of contract and unjust enrichment is **GRANTED** for failure to comply with Fed.R.Civ.P. 8(a).

### B.     Constructive Trust

Jagelski claims that "Marchant acquired a right to the properties by constructive trust, and Jagelski has a community property interest in the property acquired by Marchant during the marriage." Despite the fact that this is at the motion to dismiss stage, a plaintiff must still provide the Court with support for its assertions. In this instance, the Court was provided with no factual allegations to support the conclusion that Marchant acquired any such property right.[4]

Moreover, the remedy of constructive trust arises out of operation of law as a remedial devise when property has been obtained through some form of fraud. Here, Jagelski has failed to allege facts sufficient to support a claim of fraud against Jamieson. Therefore, Jagelski is not entitled to the remedial remedy of a constructive trust. Accordingly, Jamieson's Motion to Dismiss is **GRANTED** as to Jagelski's request for a constructive trust.

### III.    Standing to Assert a Breach of Implied Contract Claim

In her Complaint, Jagelski requests quiet title and/or partition of the properties based on the claim of an implied contract. However, there exists no privity of contract, express or implied, between Jagelski and Jamieson. On the face of the Complaint, Jagelski asserts an alleged oral contract between Jamieson and Marchant.[5] Jagelski does not allege that she was

---

[4] In fact, quite the opposite has occurred. Jamieson asserts that "a court of competent jurisdiction has already determined Marchant has no ownership interest in the properties on the basis of constructive trust." (Doc. 11, p. 4)

[5] The Statute of Frauds provides in pertinent part:

(A) No estate of inheritance, freehold, or for a term of more than one year, in lands or tenements, shall be conveyed unless the conveyance is by an instrument in writing, subscribed and delivered by the party disposing of the estate, or by his agent thereunto authorized by writing.

- 9 -

a party to this contract or that she was an intended third party beneficiary to the oral contract. For a third party to maintain an action on a contract, the contract must have been entered into for the express benefit of the third party; the party cannot be merely an incidental beneficiary. *See Araiza v. U.S. West Bus. Resources, Inc.,* 904 P.2d 1272, 1278 (Ariz. App. 1995) *citing Maganas v. Northroup*, 663 P.2d 565, 567 (Ariz. 1983). The benefit must be both intentional and direct, and " 'it must definitely appear that the parties intend to recognize the third party as the primary party in interest.' " *Norton v. First Fed. Sav.,* 624 P.2d 854, 856 (Ariz. 1981), quoting *Irwin v. Murphey,* 81 Ariz. 148, 154, 302 P.2d 534, 538 (1956).

Even while presuming all factual allegations of the Complaint to be true and drawing all reasonable inferences in favor of Jagelski, Jagelski has failed to allege facts to support an allegation that she was an intended third party beneficiary to a valid contract between Jamieson and Marchant. Therefore, Jamieson's Motion to Dismiss Jagelski's claim of breach of an implied contract is **GRANTED**.

### IV. Statutes of Limitation

Because the Court has determined that Jagelski has not properly alleged a claim against Jamieson, the Court need not determine whether Jagelski's claims are barred by the applicable statutes of limitation. Therefore, Jamieson's Motion to Dismiss as to whether Jagelski's claims are barred by the applicable statutes of limitation is **MOOT**.

### V. Attorney's Fees

The Court will refrain from deciding the issue of attorney's fees until there is a final judgment in the case.

///

---

> (B) Every deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgements.

A.R.S. § 33-401(A),(B).

- 10 -

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED GRANTING** without prejudice Jamieson's Motion to Dismiss (Doc. 5) as to fraudulent inducement and misrepresentation.

**IT IS FURTHER ORDERED GRANTING** without prejudice Jamieson's Motion to Dismiss (Doc. 5) as to breach of contract.

**IT IS FURTHER ORDERED GRANTING** without prejudice Jamieson's Motion to Dismiss (Doc. 5) as to unjust enrichment.

**IT IS FURTHER ORDERED GRANTING** without prejudice Jamieson's Motion to Dismiss (Doc. 5) as to Jagelski's request for the remedial remedy of a constructive trust.

**IT IS FURTHER ORDERED** that Jamieson's Motion to Dismiss (Doc. 5) as to whether Jagelski's claims are barred by the applicable statutes of limitation is **MOOT**.

**IT IS FURTHER ORDERED** that if Jagelski chooses to amend any of the foregoing claims she must file an amended Complaint no later than **April 27, 2007.**

DATED this 12th day of April, 2007.

Stephen M. McNamee
United States District Judge